UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVEN BROWN,<br>    Plaintiff, | :<br>: | CASE NO. 3:15-cv-852 (VAB) |
| v. | :<br>: | |
| MINNELLA, TRAMUTA &<br>EDWARDS LLC,<br>    Defendant. | :<br>:<br>:<br>: | JULY 17, 2015 |

### INITIAL REVIEW ORDER

Plaintiff, Daven Brown[1], currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983.  The Court received the Complaint on June 1, 2015 and granted Mr. Brown's motion to proceed *in forma pauperis* on June 19, 2015.   In this action, Mr. Brown challenges his legal representation in several criminal matters and seeks to recover fees paid to his attorney.

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to

---

[1] The Connecticut Department of Correction's website indicates that the plaintiff's name is "Devon Demetrius Brown."  DEPARTMENT OF CORRECTION, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=223962 (last visited July 16, 2015).  As best as the

relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.   Allegations

For purposes of this review, the Court must assume the truth of the following allegations. *Twombly*, 550 U.S. at 555.

In March 2013, Mr. Brown retained Attorney Minnella of Minnella, Tramuta & Edwards, LLC, to represent him on state charges of burglary and criminal mischief. Attorney Minnella told Mr. Brown that he would hire an investigator to obtain a statement from Mr. Brown's girlfriend. Mr. Brown paid a $10,000.00 retainer which included the cost of the investigator.

In June 2013, Mr. Brown retained Attorney Minnella to represent him on charges of assault and unlawful resistance. He again paid a $10,000.00 retainer. Attorney Minnella told Mr. Brown that he would hire an investigator to obtain statements.

In September 2013, Attorney Minnella visited Mr. Brown at New Haven Correctional Center. Attorney Minnella told Mr. Brown that there was a violation of probation charge pending against him. Although Mr. Brown stated that he was not on probation, Attorney Minnella showed him a document stating that he had violated probation. Mr. Brown paid

---

Court can tell from the plaintiff's handwritten complaint, however, the plaintiff spells his first name "Daven."

Attorney Minnella $5,000.00 to handle this case. Attorney Minnella advised Mr. Brown that if he entered a guilty plea, the violation of probation charge would be dismissed. Mr. Brown followed this advice.

Mr. Brown allegedly has learned that Attorney Minnella never hired any investigators, even though he told Mr. Brown that he had sent an investigator to his girlfriend's house. Although the victim of the burglary never identified Mr. Brown, Attorney Minnella told Mr. Brown that Mr. Brown's girlfriend told the investigator that Mr. Brown committed the burglary. Mr. Brown also alleges that he was never charged with violation of probation and that Attorney Minnella falsified documents and misled Mr. Brown and the court in order to receive payment, and provided ineffective assistance.

II.  Analysis

Mr. Brown sues under section 1983. Section 1983 provides a remedy where a person acting under color of state law deprives a person of any rights, privileges, or immunities secured by federal law. 42 U.S.C. § 1983. A person acts under color of state law when he exercises "some right or privilege created by the State" or is a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The plaintiff must identify a "sufficiently close nexus between the State and the challenged action" so the actions of the private defendant may fairly be attributed to the State. *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993) (citation and internal quotation marks omitted), *cert. denied*, 510 U.S. 978 (1993).

The Supreme Court has identified several factors relevant to an attribution of private activity as state action:

> We have, for example, held that a challenged activity may be state action when it

> results from the State's exercise of "coercive power," when the State provides "significant encouragement, either overt or covert," or when a private actor operated as a "willful participant in joint activity with the State or its agents." We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," when it has been delegated a public function by the State, when it is "entwined with government policies," or when government is "entwined in [its] management or control."

*Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (internal citations omitted).

None of the enumerated factors supports Mr. Brown's position. Attorney Minnella is a privately retained lawyer. A private attorney, or law firm, does not become a state actor merely because he is an officer of the court or has been appointed to represent an indigent litigant. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). As Mr. Brown has not named a state actor as a defendant in this case, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2) The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this seventeenth day of July 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE